# EXHIBIT B

THE STATE OF TEXAS

TO: HOME DEPOT U.S.A., INC
REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO
211 EAST 7TH STREET
SUITE 620
AUSTIN, TX 78701

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S ORIGINAL PETITION WITH THE DISTRICT CLERK, WHO IS THE CLERK FOR THE 355TH JUDICIAL DISTRICT COURT IN AND FOR HOOD COUNTY, LOCATED IN THE HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST., CITY OF GRANBURY, TEXAS.

NOTICE: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

THIS SUIT IS NUMBERED C2021046, AND WAS FILED IN THE 355TH JUDICIAL DISTRICT COURT ON 03/31/2021 AND IS STYLED:

KAWANA HUNTER                                           PLAINTIFF
        VS.
HOME DEPOT U.S.A., INC                                  DEFENDANT

WHO ARE THE PARTIES IN THIS SUIT, AND THE NATURE OF THE SUIT IS SHOWN IN THE COPY OF THE PLAINTIFF'S PETITION, ATTACHED HERETO.

NAME & ADDRESS OF PLANTIFF'S ATTORNEY
JAMES BAUGUSS
1934 PENDLETON DRIVE
GARLAND TX 75041

WITNESS: TONNA TRUMBLE HITT
CLERK OF THE DISTRICT COURT,
HOOD COUNTY, TEXAS.
ISSUED AND GIVEN UNDER MY HAND
AND SEAL OF SAID COURT, AT
OFFICE IN GRANBURY, TEXAS, THIS
APRIL 06, 2021

TONNA TRUMBLE HITT
DISTRICT CLERK
HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST.
GRANBURY, TEXAS 76048                                   BY:_____DEPUTY

*********************************************************************************************

OFFICER'S OR AUTHORIZED PERSON'S RETURN

RECEIVED THIS CITATION ON THE _____ DAY OF _____, 2021, AT _____O'CLOCK ___.M. AND EXECUTED AT _____ WITHIN THE COUNTY OF _____, STATE OF _____ ON THE ___ DAY OF _____,2021 AT _____ O'CLOCK ___.M. BY DELIVERING TO THE WITHIN NAMED_____ A TRUE COPY THIS CITATION TOGETHER WITH THE ACCOMPANYING COPY OF THE PLAINTIFFS PETITION, HAVING FIRST ENDORSED ON SAME THE DATE OF DELIVERY. THE METHOD OF SERVICE WAS _____ THE UNDERSIGNED UPON OATH SAYS THAT HE/SHE IS A DISINTERESTED PERSON AND THAT HE/SHE IS OVER THE AGE OF 18 YEARS.
FEE $_____

                                                       _____
                                                       SHERIFF/CONSTABLE/AUTHORIZED PERSON
                                                       _____COUNTY, TEXAS
                                                       BY_____DEPUTY

(MUST BE VERIFIED IF SERVED OUTSIDE THE STATE OF TEXAS OR SERVED BY A PERSON AUTHORIZED BY THE COURT.)
STATE OF _____ COUNTY OF _____ SIGNED AND SWORN TO BY THE SAID _____ BEFORE ME ON THIS THE _____ DAY OF _____, 2021.

                                        NOTARY PUBLIC_____
                                        COMMISSION EXPIRES :_____
(SEAL)                                  PRINTED NAME _____

PSL 6008

4-28-21

CAUSE NO. C2021046

| KAWANA HUNTER, Plaintiff, | IN THE DISTRICT COURT |
|---|---|
| v. | 355TH JUDICIAL DISTRICT |
| HOME DEPOT U.S.A., INC, Defendant. | HOOD COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KAWANA HUNTER, Plaintiff, and files Plaintiff's Original Petition, complaining of Defendant, HOME DEPOT U.S.A., INC, and would show unto the Court as follows:

### I. SELECTION OF DISCOVERY LEVEL

1. This suit is governed by discovery control plan II under Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff, KAWANA HUNTER, is an individual who resides at 6305 West Virginia Trail., Granbury TX 76048.

3. Defendant, HOME DEPOT U.S.A., INC, is an out of state corporation that may be served through its President, Vice-President or Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Inco, at 211 East 7th Street Suite 620 Austin, TX 78701. Citation is being requested for this Defendant and service will be completed by a private process server.

### III. JURISDICTION & VENUE

4. The Court has continuing jurisdiction over Defendant, because Defendant maintains minimum contacts with the State of Texas. The Court has jurisdiction over the controversy, because the damages are within the statutory jurisdictional limits of the Court.

5. Venue is proper in Hood County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred in Hood County.

### IV. FACTS

6. On July 25, 2020 Plaintiff was injured on the premises located at Home Depot on 415 East Highway 377, Grandbury, TX. Plaintiff, Kawana Hunter, was in an aisle with an employee getting an item from a high shelf when the item fell hitting Plaintiff on her head. At the time of injury, the premises were being used as a retail store by Defendant, Home Depot U.S.A., INC.

7. Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

8. Plaintiff was an invitee at the time the injury occurred. Plaintiff entered on Defendant's premises for the mutual benefit of herself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

### V. NEGLIGENCE

9. Because Plaintiff was an invitee at the time of injury, Defendant, Home Depot U.S.A., INC., owed a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

10. Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on its premises

created an unreasonable risk of harm to invitees. Specifically, Defendant breached its duty in one or more of the following ways:

1. Failing to inspect the premises on a regular basis;
2. Failing to be cautious;
3. Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment; and
4. Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

## VI. DAMAGES

11. As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of her injuries, Plaintiff has suffered the following damages:

   a. Physical pain and mental anguish in the past and future;
   b. Medical expenses in the past and future; and
   c. Physical impairment.

## VII. PRAYER

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff, KAWANA HUNTER, respectfully requests that Defendant, HOME DEPOT U.S.A., INC, be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

   a. Actual damages;
   b. Prejudgment and post judgment interest as allowed by law;
   c. Costs of suit;
   d. monetary relief over $250,000 but not more than $1,000,000; and
   e. Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,

Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, Texas 75041
(972) 263-5555
(817) 263-5555
(972) 682-7586 Facsimile
eService@benabbott.com
*/s/ James Bauguss III*
James Bauguss III
State Bar No. 24045463

ATTORNEY FOR PLAINTIFF



# Notice of Service of Process

**null / ALL**
Transmittal Number: 23128274
Date Processed: 04/29/2021

| | |
|---|---|
| **Primary Contact:** | Quinessa Malcolm<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Electronic copy provided to:** | Adriane Towns<br>Cathy Copeland |
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number  2483807 |
| **Entity Served:** | Home Depot U.S.A., Inc |
| **Title of Action:** | Hunter, Kawana vs. Home Depot U.S.A., Inc |
| **Matter Name/ID:** | Hunter, Kawana vs. Home Depot U.S.A., Inc (11185743) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Hood County District Court, TX |
| **Case/Reference No:** | C2021046 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/28/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | James Bauguss III<br>972-263-5555 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

CAUSE NO. C2021046

| | | |
|---|---|---|
| KAWANA HUNTER, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | 355TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| Defendant. | § | HOOD COUNTY, TEXAS |

### DEFENDANT HOME DEPOT U.SA., INC.'S ORIGINAL ANSWER
### TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein), in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

2. By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3. Defendant asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

4. Defendant asserts the affirmative defense of contributory negligence. The negligence of

1

Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

5. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

6. Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

7. Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

8. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

9. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

10. To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit,

and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

11. Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

12. Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

13. Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

14. The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

15. Defendant states that the alleged occurrence, incident, event or accident underlying this

suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

16. In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

17. Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

## III.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

                Respectfully submitted,

                Hawkins Parnell & Young, LLP

By:    /s/ *Troy D. Helling*
**TROY D. HELLING**
State Bar No. 24007340
thelling@hpylaw.com
**AMY WELBORN**
State Bar No. 24012853
awelborn@hpylaw.com
**TAYLOR R. YETTER**
State Bar No. 24102672
tyetter@hpylaw.com

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 687-6900
(512) 687-6990 (Fax)
-AND-
4514 Cole Ave., Suite 1225
Dallas, TX 75205
(214) 780-5100
(214) 78-5200 (Fax)

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

CERTIFICATE OF SERVICE

    I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 18th day of May, 2021.

    James Bauguss III
    eservice@benabbott.com
    Ben Abbott & Associates, PLLC
    1943 Pendleton Drive
    Garland, Texas 75041